IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LESLEY A. HALL and JULIE E. WEST, Personal Representative of JEREMIAH DALIN HALL (deceased), | ) ) ) ) | 4:06CV3069 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| KRIS BAKER, BARBARA BAKER, and JESSE BLASER, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon defendant Jesse Blaser's motion for summary judgment (filing 71). Blaser has filed a brief and evidence in support of his motion (filings 72 and 73). Plaintiffs have not responded in any manner to the motion. The local rules provide that "[p]roperly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." NECivR 56.1(b)(1). They further provide that "failure to file an opposing brief *alone* shall not be considered to be a confession of the motion; however nothing in this rule shall excuse a party opposing a motion for summary judgment from meeting the party's burden under Federal Rule of Civil Procedure 56." *Id.*

The claims against Blaser were raised in an Amended Complaint (filing 68). Earlier, I entered a Memorandum and Order granting motions for summary judgment filed by certain defendants named in the original Complaint and denying motions for summary judgment filed by defendants Kris Baker and Barbara Baker. (Filing 64, September 9, 2007 Memorandum and Order .) I do not understand the September 9

ruling to include any decision as to defendant Blaser. In that memorandum and order, I noted as follows:

> The plaintiffs have not specifically named Officer Blaser in the complaint. (Filing 1.) Nor have they served him with a summons. (*E.g.*, Filings 7-14 (summons returned executed).) They have, however, named "John Does 1-3, law enforcement officers employed by the County of Nemaha, Nebraska or the City of Auburn, Nebraska, in their individual and official capacities." For purposes of this decision, I do not decide whether the court has personal jurisdiction over Officer Blaser in his individual capacity. *Nor do I decide whether, if the court has, or subsequently acquires, personal jurisdiction over him, a motion for summary judgment would be granted or denied as to him. Those issues may be raised by the parties in future pleadings*. If so, they will be resolved at that time. That said, the parties are encouraged to clarify Blaser's status.

(Filing 64 at 5 n.6. (emphasis added).) At the close of that memorandum and order, I reiterated this:

> The court does not decide whether it has personal jurisdiction over Officer Jesse Blaser . . . . In addition, the court does not decide whether, if it has, or subsequently acquires, personal jurisdiction over Officer Blaser . . . [in his] individual capacit[y], motions for summary judgment would be granted or denied if asserted by [him].

(Filing 64 at 26-27.) This explanation is even included in the docket sheet entry for filing 64. *See* Docket Sheet.

As this court's prior ruling on motions for summary judgment filed by other defendants specifically indicated that the court was not then ruling on whether a motion for summary judgment would be granted if asserted by defendant Blaser, I ordinarily would not look outside the filings specifically made in connection with defendant *Blaser's* motion (filing 71) when deciding whether there is a genuine issue

-2-

of material fact precluding summary judgment. However, I will give Plaintiff until February 27, 2008 to file a response properly controverting specific facts in Blaser's statement of facts as specified in NECivR 56.1(b)(1). If Plaintiff so responds, Blaser may file an opposing brief no later than ten days after service of Plaintiff's response. In the absence of a response, the motion shall be ripe for decision on February 27, 2008.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until February 27, 2008 to file a response properly controverting specific facts in Blaser's statement of facts in the manner specified in NECivR 56.1(b)(1); and

2. If Plaintiff so responds, Blaser may file an opposing brief no later than ten days after service of Plaintiff's response. In the absence of a response, the motion shall be ripe for decision on February 27, 2008.

February 20, 2007.        BY THE COURT:

*s/Richard G. Kopf*
United States District Judge