IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLEY A. HALL and JULIE E. WEST, Personal Representative of JEREMIAH DALIN HALL (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>KRIS BAKER, BARBARA BAKER, and JESSE BLASER,<br><br>Defendants. | 4:06CV3069<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court upon defendant Jesse Blaser's motion for summary judgment (filing 71). Blaser has filed a brief and evidence in support of his motion (filings 72 and 73). Plaintiffs have responded with a brief which refers to evidence they submitted in opposition to an earlier motion for summary judgment filed by other defendants (filing 81). Though it would have been preferable for Plaintiffs to also file an index of evidence requesting that their previously-filed evidence be considered in opposition to Blaser's motion,[1] Blaser did not object to the absence of a separate index of evidence and I will consider Plaintiff's previously-filed evidence.

Earlier, I entered a Memorandum and Order granting motions for summary judgment filed by certain defendants named in the original Complaint and denying motions for summary judgment filed by defendants Kris Baker and Barbara Baker. (Filing 64, September 9, 2007 Memorandum and Order.) In that order, I described facts in dispute, based on affidavits from three individuals incarcerated at the jail at

---

[1] *See, e.g.*, NECivR 7.1(b)(2); Filing 72 (index of evidence submitted by Blaser in support of his motion, referring to previously filed evidence);.

the time of Hall's death. (Filing 64 at 13-15.) I also explained that if these affidavits were believed, a reasonable jury could conclude that defendants Kris Baker and Barbara Baker were deliberately indifferent to Hall's medical needs. (Filing 64 at 18-19.)

The same facts in dispute with regard to the earlier motion for summary judgment remain in dispute with regard to Blaser's motion for summary judgment. For the same reasons that these disputed material facts required a trial on the deliberate indifference claims against Kris Baker and Barbara Baker, a trial is required on the deliberate indifference claim against Blaser. The affidavits upon which the disputed facts are based, if believed, would permit a reasonable jury to find that Hall had objectively serious medical needs and that Blaser actually knew of, but deliberately disregarded, those needs.

Accordingly,

IT IS ORDERED that defendant Jesse Blaser's motion for summary judgment (filing 71) is denied.

March 12, 2008.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge